McKinney, J.
delivered the opinion of the court.
Hunter held an obligation, under seal, executed to him by W. B. Moss, for the delivery of seventy bushels of good, clean salt, at the house of Mrs. Dickinson, in Tazewell, on the 1st day of April, 1841, bearing date 15th January, 1841. Hunter, plaintiff in error, transferred *38 said obligation to defendant, by writing, on the back, thereof, in the following words, viz: "For value received I assign the within note to E. BE. C. Dickinson and guarantee the payment of the same. Witness my hand and seal, this 22d of January, 1841.
John Hunter, [seal.]”
It is very clear, that to entitle the assignee to maintain an action, on the foregoing assignment, no demand of the maker or notice to Hunter, the assignor, was necessary. The paper was not negotiable, and, therefore, the assignor can only be held liable by reason of his express agreement. The endorsement on the paper on which this action is founded, is a direct and absolute undertaking on the part of Hunter; and amounts to this: that he will pay or deliver the salt, if the maker did not. In such case, no demand of the maker, or notice to the guarantor, is necessary, 3 Yerg. 330. Nor would such demand and notice have been necessary had the paper been negotiable. In the case of Allen vs. Rightmere, 20 Johns. R. 365, the endorsement on the back of a negotiable note was as follows: "For value received, I assign, sell and guarantee the payment of the within note to A. or bearer,” and it was held, that the payee was absolutely bound to pay the note, and that A might maintain an action thereon against the payee, without proof of demand on the maker, or notice to the payee.
Judgment affirmed.